DINO MURATORI v. STILES AND REYNOLDS BRICK COMPANY ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued February 5—decided March 6, 1942.

*S. Gerard Casale*, for the appellant (plaintiff).

*Cyril Coleman*, for the appellee (named defendant).

Avery, J.   The plaintiff was being transported in a truck operated by an employee of the defendant Fontana and proceeding in a northerly direction on Christian Lane in Berlin.   While standing on a board in the truck as it was passing the property of the named defendant, the plaintiff was caused to fall from the truck and was injured by reason of leaves and small branches of a tree overhanging the traveled part of the highway at that point.   The plaintiff brought suit against Fontana, the owner of the truck, claiming his fall and injuries were due to the negligence of the operator, and also against the named defendant, claim-

ing that it maintained a nuisance by reason of the overhanging branches of the tree adjacent to its property. After a trial to the court judgment was rendered in favor of both defendants and the plaintiff appealed. The plaintiff's appeal against the defendant Fontana is not pursued and we do not discuss it.

With reference to the claim of the plaintiff that the named defendant was maintaining a nuisance, the essential facts found by the trial court are these: Christian Lane is an ancient public highway running north and south in the town of Berlin, with a hard surface, fifteen feet wide, and without shoulders on either side; it is the oldest road in the town, dating back to the time of the town's first settlement, and has been long used on the part of the public; there is no evidence of any change in the contours and lines of the traveled part of the highway as originally used by the public. The named defendant is the owner of land along the west side of Christian Lane, and about fifteen or twenty years ago erected a wood and wire fence; there stood on the same side of the highway, inside the fence, a large tree in such a position that the limbs, branches and foliage extended over the traveled portion of the road. The lowest leaf of these overhanging branches was six feet four inches above the macadam. At a height of seven feet the branches were three-sixteenths of an inch in diameter, at nine feet, one-fourth of an inch, and at twelve feet, one-half of an inch.

On these facts the trial court concluded that the branches and foliage of the tree extending over the traveled portion of the highway constituted a public nuisance, but it also concluded that the plaintiff had not shown that the tree in question was owned or controlled by the named defendant. Ordinarily, the

owner of land abutting on a highway is to be regarded as the owner of the soil to the middle of the highway and enjoys over this strip the full privileges of ownership, provided his acts of ownership do not interfere with the easement of passage by the public. One of the privileges of ownership is that of setting out shade trees along the highway. *Wadsworth* v. *Middletown,* 94 Conn. 435, 438, 109 Atl. 246; *Newton* v. *New York, N. H. & H. R. Co.,* 72 Conn. 420, 427, 44 Atl. 813; *Fitch* v. *New York, P. & B. R. Co.,* 59 Conn. 414, 420, 20 Atl. 345. "The policy of our State is to encourage the planting and maintenance of trees along our highways. Not only does this add to our comfort and enjoyment, but it also helps cultivate a sense of beauty in our people. Shade trees are not nuisances in a highway unless they interfere with or obstruct public travel, or their removal is required for the uses of the highway." *Wadsworth* v. *Middletown,* supra, 438. But if they become nuisances, the owner at common law might be liable for failing to trim them or keep them safe. *Hewison* v. *New Haven,* 37 Conn. 475, 483. In *Jones* v. *New Haven,* 34 Conn. 1, 12, we held that while control of trees in the highway might perhaps properly be left to adjoining proprietors, entire control could be given to the public authorities. By § 2197 of the General Statutes [1] such control was given

---

[1] Sec. 2197. POWERS AND DUTIES OF WARDENS. The town or borough tree warden shall have the care and control of all trees and shrubs in whole or in part within the limits of any public road or grounds and within the limits of his town or borough, except those along trunk line and state aid roads under the control of the state highway commissioner and except those in public parks or grounds which are under the jurisdiction of park commissioners, and of these he shall take the care and control if so requested in writing by the park commissioners. Such care and control shall extend to such limbs, roots or parts of trees and shrubs as shall extend or overhang the limits of any public road or grounds as above defined.

to them. By § 876c of the 1935 Cumulative Supplement to the General Statutes,[2] every person is forbidden, under a penalty, to remove, prune or injure any shrub or ornamental tree within the limits of a public highway without the written permission of the tree warden or other public authority. While § 876c applies only to shrubs or trees "within the limits" of a highway, the two acts read together make it clear that the legislative intent was to vest exclusive control in the tree warden of all trees standing within the limits of a highway or of any parts of trees extending within those limits, though the trees themselves stand on private grounds, except as other public authorities have jurisdiction. In *Dyer* v. *Danbury*, 85 Conn. 128, 134, 81 Atl. 958, where we said of a city ordinance that there was nothing in it which would prevent the tree warden "or the owner of the tree in question" from removing a dead branch which overhung the sidewalk, we were speaking of an ordinance much more restricted in terms than the statutes before us. It does not appear from the finding where the bounds of the highway are or whether or not the tree in question stood within or without the highway bounds. If it stood within the highway bounds, exclusive control was vested in the public authorities, and the plaintiff, hav-

---

[2] Sec. 876c. REMOVAL WITHOUT PERMISSION. (b) Any person, firm or corporation, *other than a tree warden or his deputy,* which shall wilfully remove, prune, injure or deface any shrub or ornamental or shade tree, within the limits of a public way or grounds, without the written permission of the town tree warden, the borough tree warden, the city forester, the highway commissioner, *the state park and forest commission or the public utilities commission or other authority having jurisdiction,* shall be fined not more than one hundred dollars * * * * for each offense, and shall be liable civilly for damages in any action brought by the property owner affected thereby.

ing failed to prove that it stood outside those bounds, cannot prevail against this defendant.

There is no error.

In this opinion the other judges concurred.