On December 23, 1949, the defendant Mattie Johnson was the owner of premises in Waterbury known as 9 Hawkins Street. On the front portion of these premises about *Page 108 
one foot back from the sidewalk stood a large elm tree about two and one-half to three feet in diameter at the butt. The evidence disclosed that one of its branches was about thirty feet from the ground and was from six to eight inches in diameter. Upon the advice of an agent of the defendant Oscar F. Warner, said Mattie Johnson contracted on or about November 23, 1949, with said Warner to remove this tree, which was no longer alive and was becoming a hazard to surrounding property. Defendant Warner did remove the remains of this tree on December 29 and 30, 1949. However, on December 23, 1949, the large branch or limb which was about six to eight inches in diameter and attached to the trunk about thirty feet from the ground became broken off and fell to the roof of an adjoining building and then on to the top of plaintiff's automobile, which was parked at the curb on Hawkins Street. Plaintiff's automobile was badly damaged before this limb rolled off on to the sidewalk where it came to rest.
Plaintiff brings this action claiming negligence on the part of both defendants as particularly set forth in the complaint and asks recovery for the damage sustained.
This large elm tree, a part of which broke off and crashed into plaintiff's car, would be classified as a shade tree. Trees standing within or having any parts thereof extending within the limits of a highway are the subject of statutory control. The exclusive control of all trees standing in whole or in part within the limits of a highway is vested in the town or borough tree wardens or other authorities, even though the trees themselves stand on private grounds. General Statutes, §§ 3497, 3503, 2236; Muratori v. Stiles Reynolds Brick Co., 128 Conn. 674.
There was no evidence in this case as to the highway bounds on Hawkins Street at this location, although, it is noted that a tree of this size would normally have quite an extensive spread of limbs, and it is further noted that its trunk was located about one foot from the sidewalk. If this tree in whole or in part was within the highway limits, exclusive control of it was vested in the public authorities. Plaintiff has failed to prove that it was outside of those bounds and therefore cannot prevail against either of these defendants in this action. Muratori v. Stiles Reynolds Brick Co., supra.
 Judgment may enter for the defendants.