[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Washington Zoning Commission and Madeleine J. Calder, the plaintiffs in this action, each appealed the Washington Zoning Board of Appeals decision to reverse the Zoning Commission's granting of a permit to plaintiff Calder to erect a fence and farm ostriches. The appeals were consolidated for trial. The underlying facts of this case are as follows.
The plaintiff, Madeleine J. Calder, is the owner of property located at 4 Steeples Road, Washington, Connecticut. The plaintiff's premises contain approximately four and one-tenth acres. Record # 14. The subject property is located within the Farming and Residential District as set forth in the Washington Zoning Regulations. Record # 84.
On May 15, 1992, plaintiff Calder submitted to the Washington Zoning Commission (the "Commission") an application to erect a wire and split rail fence on her property pursuant to Section 4.2.6 of the Zoning Regulations and an application to farm ostriches under Section 4.2.4 of the Zoning Regulations.
The perimeter fence had already been erected by May 15, 1992, CT Page 7722 and in fact the application to erect the wire and split rail fence was filed to legitimize the existing fence. At the May 26, 1992 Zoning Commission meeting the plaintiff stated that she was submitting the site plan relative to the fence to show its location. (Record # 30, 3).
The plaintiff's applications were approved by the Zoning Commission on May 26, 1992. The approval of the fence application, however, contained the caveat that the fences comply with Section 12.2 of the Zoning Regulations. Record # 30. Section 12.2 of the Washington Zoning Regulations, in effect, disallows the erection of a fence on a corner lot which would impair visibility across the intersection or one which is located off the property within the highway right of way. See Record # 84.
At the May 26, 1992 meeting, the plaintiff submitted a written statement requesting that the Commission waive the site plan requirement set forth in Section 14.3 of the Washington Zoning Regulations with respect to the plaintiff's application to farm ostriches. Record # 30; # 12. The Commission voted unanimously "[t]o waive the site plan requirements for contours, scale, and buffers for the Calder/4 Steeples Road/Section 4.2.4 ostrich farming application at the request of Mrs. Calder." Record # 30.
On June 18, 1992, the plaintiff submitted an application to revise the site plan that was approved by the Zoning Commission on May 26, 1992. The Zoning Commission approved this application on June 22, 1992. Record #'s 3, 31, 39. The revised site plan depicts new locations for pens and shelters and some additional foliage. As with the site plan originally approved by the Commission, the revised site plan did not make any provisions for the buffering of the farm operation from adjoining residential uses. See Record # 36.
During the Zoning Commission's discussions of the plaintiff's applications, the Zoning Commission limited comments from neighbors who had an interest in the permit applications. Specifically, the Zoning Commission, through its Chairman John Allen, indicated that public comment on the applications could only be secured through the Zoning Board of Appeals should the decisions be appealed to that Board. Record # 29, 30.
Defendants, Charles E. Lauriat and Nancy M. Lauriat (the "Lauriats") own and reside at 20 Steeples Road, immediately adjacent to the plaintiff's property. Record # 53. On June 19, CT Page 7723 1992, the Lauriats appealed to the Zoning Board of Appeals from the Zoning Commission's May 26, 1992 approval of the plaintiff's applications to erect wire and split rail fence and to farm ostriches. Record #'s 33, 36. On July 9, 1992 the Lauriats filed a third appeal relating to the Zoning Commission's June 22, 1992 decision approving the plaintiff's application for the site plan revision. Record # 39.
The Lauriats commenced all three appeals pursuant to Zoning Regulations Section 18.1.1, which affords the Zoning Board of Appeals the power and duty "[t]o hear and decide appeals where it is alleged that there is an error in any order of [sic] decision made by the Zoning Commission or its Enforcement Officer." Record # 84, Washington Zoning Regulations Section 18.1.1.
The Zoning Board of Appeals held a public hearing concerning the three Lauriat appeals on July 23, 1992 and September 17, 1992. At these hearings the Zoning Board of Appeals received a Class A-2 survey prepared by Samuel P. Bertacinni, Jr., R.L.S., dated July, 1992. Record # 75. The Bertacinni survey shows the Steeples Road right-of-way as it relates to the plaintiff's (Calder) property line. This survey locates the split rail fence and a portion of the wire fence within the Town of Washington's highway right of way. Record # 75. The Class D survey upon which the zoning permit for the fence was based, however, depicted the fence as being located entirely upon the Calder property. Record #'s 3, 4, 5.
All three appeals were sustained by the Zoning Board of Appeals on October 15, 1992. Record # 75. From the decisions of the Zoning Board of Appeals, Calder and the Washington Zoning Commission, the plaintiffs in this action, have appealed to this court.
The first issue that must be addressed by this court is whether the plaintiffs, the Washington Zoning Commission and Madeleine J. Calder, are aggrieved parties which may appeal the decision of the Washington Zoning Board of Appeals to the Superior Court.
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Assoc's v. Planning and Zoning Comm'n, 219 Conn. 303, 307, 592 A.2d 953 (1991). "The question of aggrievement is essentially one of standing." DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373,588 A.2d 244 (1991). Thus, pleading and proof of aggrievement are CT Page 7724 essential to establish subject matter jurisdiction over an administrative appeal. Munhall v. Inland Wetlands Comm'n of Town of Lebanon, 221 Conn. 46, 50, 602 A.2d 566, 567 (1992); see also Park City Hosp. v. Comm'n on Hospitals and Health Care, 210 Conn. 697,702, 556 A.2d 602 (1989).
The courts of this state have recognized two types of aggrievement, statutory aggrievement and classical aggrievement.
Statutory aggrievement is essentially derived from the specific language of General Statutes 8-8 which provides, in pertinent part, that "any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of said board, or any officer, department, board, or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, . . . appeal to the superior court." General Statutes 8-8 (a). In addition, the owner of property that is the subject of a board decision is aggrieved and is entitled to bring an appeal. Winchester Woods Assoc's v. Planning Zoning Comm'n, supra, 308. Those who are statutorily aggrieved need not prove aggrievement. See General Statutes 8-8 (a); Smith v. Planning and Zoning Board,203 Conn. 317, 321, 524 A.2d 1128 (1987).
General Statutes 8-8 governs appeals to the Superior Court from the decision of a zoning board of appeals. The Lauriats contend that the Zoning Commission is not a "Board" under General Statutes 8-8a(2) whose decision can be appealed directly to the Superior Court and therefore, the Washington Zoning Commission does not have standing to bring an appeal to the Superior Court. The Washington Zoning Commission, on the other hand, contends that it is aggrieved, and thus, is entitled to appeal the Washington Zoning Board of Appeals decision. The Zoning Commission, in support of its position, cite several cases where a zoning commission was found to be aggrieved and entitled to appeal to the Superior Court.
This court finds that the Washington Zoning Commission is not an aggrieved party. The court's reasoning, however, is different from that of the defendants.
General Statutes 8-8 (a) provides, in pertinent part, that "any person aggrieved by any decision of a board may take an appeal to the Superior Court. . . ." An aggrieved person is defined as "a person aggrieved by a decision of a Board and includes any officer, department, Board or bureau of the municipality charged with CT Page 7725 enforcement of any order, requirement or decision of the Board. . . ." General Statutes 8-8 (a)(1).
"Board" is defined in General Statutes 8-8 (a)(2) as "a municipal Zoning Commission, combined Planning Zoning Commission, Zoning Board of Appeals or other Board or Commission the decision of which may be appealed pursuant to this section." General Statutes 8-8 (a)(2).
Thus, in order for the Washington Zoning Commission to have standing to appeal the decision of the Washington Zoning Board of Appeals to the Superior Court, the Zoning Commission must be the official charged with the enforcement of any order, requirement or decision of the Zoning Board of Appeals. Generally, the Zoning Commission is the Zoning Enforcement Officer with respect to all zoning permits except those zoning permits sought for the purpose of constructing single family dwellings and accessory buildings or expansions or additions to such buildings on residential lots. Record # 84; Washington Zoning Regulations Section 2.3.4. See also Conto v. Zoning Comm'n, 186 Conn. 106, 114, 439 A.2d 441 (1982). The case at bar does not fit within the exception. Therefore, it would appear that under the Washington Zoning Regulations and applicable case law, the Washington Zoning Commission is the "official charged with the enforcement of the local zoning regulations." See Conto v. Zoning Comm'n, supra. See also Record # 84, Washington Zoning Regulations 2.3.4.
General Statutes 8-7, however, provides that in the case of an appeal from any order, requirement or decision made by the official charged with the enforcement of the zoning regulations, the zoning board of appeals:
 may reverse or affirm wholly or partly or may modify any order requirement or decision appealed from and shall make such order, requirement, or decision as in its opinion should be made in the premises and shall have all the powers of the officer from whom the appeal has been taken. . . . (Emphasis added).
General Statutes 8-7. Thus, General Statutes 8-7 empowers the zoning board of appeals with all of the powers of the officer, in this case the Zoning Commission, from whom the appeal has been taken. Enforcement of the zoning regulations is one of the powers of the Washington Zoning Commission. The Zoning Commission, CT Page 7726 however, loses its enforcement power when an appeal is taken to the zoning board of appeals pursuant to General Statutes 8-7. When reviewing a commission's decision, the Zoning Board of Appeals, pursuant to General Statutes 8-7, acquires the power to enforce the zoning regulations.
Moreover, Zoning Regulations may be "enforced by refus[ing] [to issue] a . . . permit where the . . . use of the land in question is not in compliance with the pertinent regulations." Leo Fedus Sons Construction Co. v. Zoning Board of Appeals, 27 Conn. App. 412,417, 606 A.2d 725 (1992), quoting, 82 Am.Jur.2d, Zoning 242 [sic]. Thus, the Zoning Board of Appeals enforced the Washington Zoning Regulations when it reversed the Zoning Commission's decision and refused to grant the permit to plaintiff Calder. Since there is no order, requirement or decision of the Board to be enforced under General Statutes 8-8 the Zoning Commission is not an aggrieved party either statutorily or classically and may not appeal the decision of the Zoning Board of Appeals to the superior court. See Tyler v. Zoning Board of Appeals, 145 Conn. 655, 658, 145 A.2d 832 (1958).
The Zoning Commission cited several cases where a zoning commission was found to be aggrieved and entitled to appeal to the Superior Court. See Dupuis v. Zoning Board of Appeals of the Town of Groton,152 Conn. 308, 206 A.2d 422 (1965); Miclon v. Windsor Locks Zoning Board of Appeals, 173 Conn. 420, 378 A.2d 531 (1977); Chirico v. Berlin Zoning Board of Appeals, 5 C.S.C.R. 512 (1990); Planning Zoning Commission of Waterford v. Zoning Board of Appeals of Waterford, 4 C.S.C.R. 220 (1989); East Haven Planning Zoning Comm'n v. East Haven Zoning Board of Appeals, 2 C.S.C.R. 1108
(1987). These cases, however, are distinguishable from the case at bar. The cases relied on by the Zoning Commission dealt with the granting of variances. In Connecticut the zoning board of appeals is the "initial decisionmaker" when a variance is the subject of the initial application of the landowner. See Port Clinton Assoc's v. Board of Selectmen of Clinton, 217 Conn. 588, 607, 587 A.2d 126, cert. denied, ___ U.S. ___, 112 S.Ct. 64 (1991). Therefore, when a landowner was granted or denied a variance, the zoning commissions in the above cited cases were required to enforce the decision of the zoning board of appeals. Moreover, there was no appeal process pursuant General Statutes 8-7 in the cases relied on by the Zoning Commission, whereas, in the case presently before the court, there was an appeal to the Zoning Board of Appeals pursuant to General Statutes 8-7. CT Page 7727
Classical aggrievement, on the other hand, requires compliance with a two part test: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community as a whole; second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. Walls v. Planning and Zoning Comm'n of Town of Avon, 176 Conn. 475, 478,408 A.2d 252 (1979).
Aggrievement is established if there is a possibility as opposed to a certainty that a legally protected interest has been affected adversely. Hall v. Planning Comm'n, 181 Conn. 442, 445,435 A.2d 975 (1980). Mere generalizations and fears, however, do not establish aggrievement. Caltabiano v. Planning and Zoning Comm'n, 211 Conn. 662, 668, 560 A.2d 975 (1989).
Accordingly, this court is without jurisdiction to entertain the Washington Zoning Commission's appeal and it is therefore dismissed.
The next issue this court must address is whether the plaintiff, Madeleine J. Calder, is aggrieved. The plaintiff, Madeleine J. Calder is statutorily aggrieved because she is the owner of property that is the subject of a board decision and is therefore entitled to bring an appeal. Winchester Woods Assoc's v. Planning Zoning Comm'n, supra, 308. The record establishes that the plaintiff, Madeleine J. Calder, is the owner of property located at 4 Steeples Road, Washington, Connecticut. The plaintiff's premises contain approximately four and one-tenth acres, and that it was this property that was involved in the Zoning Board of Appeals decision. Record # 14. Thus, plaintiff Calder, is an aggrieved party.
Since this court has found that plaintiff Calder is aggrieved the court will now address the merits of that appeal. The first issue this court must address is whether the Zoning Board of Appeals had jurisdiction to entertain the Lauriat appeals.
The plaintiff, Calder, contends that the Lauriats were not aggrieved when they appealed to the Zoning Board of Appeals. Specifically, the plaintiff contends that the omission from General Statutes 8-7 of the exact language used in General Statutes 8-8(a)(1) means that for one to be aggrieved for purposes of CT Page 7728 appealing to the Zoning Board of Appeals, one must be classically aggrieved. The plaintiff argues that statutory aggrievement, General Statutes 8-8, does not apply to General Statutes 8-7
which governs appeals to the zoning board of appeals. The Lauriats, on the other hand, contend that if the classical aggrievement standard can be employed in 8-7 appeals to a zoning board of appeals, then so, too, should the statutory aggrievement standard of General Statutes 8-8.
This court declines to hold that the statutory aggrievement standard of General Statutes 8-8 applies to 8-7 appeals. "[T]he General Assembly is always presumed to know all the existing statutes and the effect that its action or inaction will have upon anyone of them and is presumed to have intended the result that its action or inaction produces." Plourde v. Liburdi, 207 Conn. 412,417, 540 A.2d 1054 (1988). Thus, if the legislature wanted to provide for statutory aggrievement in General Statutes 8-7 the legislature would have amended the statute to so include it.
In addition, the statutory aggrievement standard provided in General Statutes 8-8 applies to judicial review of an administrative entity's action. "Judicial review" has been defined as a "[f]orm of appeal from an administrative body to the courts for review of either the findings of fact, or of law, or of both. Blacks Law Dictionary (1983, 5th ed.), 442. Appeals to the Zoning Board of Appeals constitute a form of administrative review rather than judicial review. Our Supreme Court explicitly made this distinction when it stated in Conto v. Zoning Comm'n, supra, that the plaintiff-appellant's failure to appeal to the Town of Washington's Zoning Board of Appeals constituted a failure to exhaust her administrative remedies.
In interpreting the Washington Zoning Regulations in Conto, the Supreme Court, determined that the Zoning Board of Appeals had the requisite jurisdiction to entertain an abutting landowner's appeal before appealing to the Superior Court. Id.
Moreover, in Castellon v. Board of Zoning Appeals, 221 Conn. 374,603 A.2d 1168 (1992), our Supreme Court distinguished between situations in which the local zoning regulations provide for an appeal to the zoning board of appeals from the action of a zoning commission on an application for site plan approval and situations in which the regulations do not so provide, leaving the jurisdiction of the zoning board of appeals to be governed by the general statutes. In the former, an appeal must first go to the CT Page 7729 zoning board of appeals and, in the latter, an appeal is taken directly to the Superior Court.
In Castellon, the Supreme Court analyzed its prior decision in Conto v. Zoning Comm'n, supra. As part of its analysis, the court stated that it had concluded in Conto that (1) "the town zoning regulations could legally provide that appeals from enforcement decisions of a town zoning commission must, in the first instance, be taken to the town's zoning board of appeals";
Conto v. Zoning Comm'n, supra, 378; and (2) "that neither General Statutes 8-9, nor General Statutes 8-10, nor the two sections taken together, permit an aggrieved party direct access to the court when local regulations provide for an intermediate appellate step between the commission and the court." 221 Conn. at 380. Therefore, the question of whether the board in the present matter had jurisdiction to hear the appeal from the zoning commission is the "function solely of the particular regulations at issue." Castellon v. Board of Zoning Appeals, 221 Conn. at 383.
The Washington zoning regulations provide in pertinent part that the zoning board of appeals is empowered "[t]o hear and decide appeals where it is alleged that there is an error in any order or decision made by the Zoning Commission or its Enforcement Officer." Record # 84; Washington Zoning Regulations Section 18.1.1.
General Statutes 8-7 provides, in pertinent part, that "[a]n appeal may be taken to the zoning board of appeals by any person aggrieved. . . ." General Statutes 8-7. When the Washington Zoning Regulations are read in conjunction with General Statutes 8-7, the only issue is whether the person appealing to the board of appeals is aggrieved insofar as said person believes there was an "error in any order [or] decision made by the zoning commission. . . ." Record # 84; Washington Zoning Regulations Section 18.1.1. Thus, under the Washington Zoning Regulations the board in the present matter had jurisdiction to hear the Lauriats' appeals from the Zoning Commission. See Castellon v. Board of Zoning Appeals, supra. This interpretation is consistent with Caserta v. Zoning Board of Appeals, 219 Conn. 352, 362, 593 A.2d 118 (1991), in which the court stated that a zoning board of appeals should indulge every presumption in favor of jurisdiction.
When there is an appeal to a zoning board of appeals from a decision of the zoning enforcement officer under 8-6 (1) and 8-7
CT Page 7730 of the General Statutes, the zoning board of appeals acts administratively, in a quasi-judicial capacity. Lawrence v. Zoning Board of Appeals, 158 Conn. 509, 514, 264 A.2d 552 (1969). The zoning board of appeals has the authority to interpret the town's zoning ordinance and decide whether it applies in a given situation. Connecticut Sand Stone Corp v. Zoning Board of Appeals, 150 Conn. 439, 442, 190 A.2d 594 (1963).
The court may sustain a plaintiff's appeal only upon a determination that the decision of the zoning body was unreasonable, arbitrary, or illegal. Beit Havurah v. Zoning Board of the Town of Norfolk, 177 Conn. 440, 444, 418 A.2d 82 (1979). The court must not disturb the decision as long as honest judgment has been reasonably and fairly exercised by the zoning board of427 A.2d 1346 (1980). The plaintiff challenging the administrative action has the burden to establish that the zoning authority acted improperly. Verney v. Planning and Zoning Board of Appeals of the Town of Greenwich, 151 Conn. 578, 580, 200 A.2d 714 (1964).
Where a zoning authority states the reasons for its actions, the reviewing court is bound by those findings and may examine only those assigned grounds to determine whether they are reasonably supported by the administrative record and pertinent to considerations which must be applied under applicable zoning regulations. DeMaria v. Enfield Planning and Zoning Comm'n,159 Conn. 534, 540, 271 A.2d 105 (1970). In reviewing the decision of the zoning authority, the court cannot conduct a trial de novo and substitute its findings and conclusions for decisions of the board. Hall v. Planning and Zoning Board of City of Milford, 153 Conn. 574,577, 219 A.2d 445 (1966). Even where there is conflicting evidence before the zoning board of appeals, the court cannot substitute its judgment for that of the board. Westport v. Norwalk,167 Conn. 151, 161, 355 A.2d 25 (1974). In reviewing the decision of the zoning board, the court reviews the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant. Pleasant View Farms Development. Inc. v. Zoning Board of Appeals of Town of Wallingford, 218 Conn. 265,270, 588 A.2d 1372 (1991). The zoning board's action must be sustained if only one of the stated reasons is sufficient to support it. Iannucci v. Zoning Board of Appeals of Town of Trumball, 25 Conn. App. 85, 89, 592 A.2d 970 (1991). When a zoning authority assigns no reason for its action, the court has the burden of searching the record to discover sufficient reason to support the decision. Zeiky v. Town Planning and Zoning Comm'n of the Town of Bloomfield, 151 Conn. 265, 268, 196 A.2d 758 (1963). CT Page 7731 The plaintiff challenging the administrative action has the burden to establish that the record does not support the action of the agency. Red Hill Coalition. Inc. v. Conservation Comm'n, 212 Conn. 710,718, 563 A.2d 1339 (1989). The court cannot substitute its discretion for the board's conclusion unless the decision was unreasonable. Toffolon v. Zoning Board of Appeals of the Town of Plainville, 155 Conn. 558, 560, 236 A.2d 96 (1967).
The deference given to the zoning board's determination does not, of course, insulate it from review; the zoning board's action must be reasonably supported by the evidence in the record. Kelly v. Zoning Board of Appeals of Town of Hamden, 21 Conn. App. 594,598, 575 A.2d 249 (1990). The sufficiency of the evidence to support a finding of the board presents a question of law. Zachs v. Zoning Board of Appeals of the Town of Avon, 218 Conn. 324, 331,589 A.2d 351 (1991).
1. The Fence Application Appeal
The Zoning Board of Appeals, in sustaining the defendants appeal, determined that the plaintiff's perimeter fences as approved by the Zoning Commission, were located within the Town highway right-of-way. This is the only reason stated by the Zoning Board of Appeals for denying the fence application. Record # 75. Where a zoning authority states the reasons for its actions, the reviewing court is bound by those findings and may examine only those assigned grounds to determine whether they are reasonably supported by the administrative record and pertinent to considerations which must be applied under applicable zoning regulations. DeMaria v. Enfield Planning and Zoning Comm'n,159 Conn. 534, 540, 271 A.2d 105 (1970).
Under the Washington Zoning Regulations, fences are a permitted use in the Farming and Residential District and, if not more than eight feet in height, are exempt from any setback requirements. Washington Zoning Regulations Sections 4.2.6, 11.5.5, 21.1.3; Record # 84.
Moreover, an owner of land is entitled to use the land between the traveled portion of the highway and the street line; and an abutting land owner is presumed to own the fee of the land to the center of the highway. Antenucci v. Hartford Roman Catholic Diocesan Corp., 142 Conn. 349, 355, 114 A.2d 216 (1955). This landowner enjoys the full privileges of ownership over this strip of land provided such acts of ownership do not interfere with the CT Page 7732 easement of passage by the public. Muratori v. Stiles Reynolds Brick Co., 128 Conn. 674, 677, 25 A.2d 58 (1942). For instance, one of the privileges of such ownership is that of setting out shade trees along the highway. See Wadsworth v. Middletown, 94 Conn. 435,438, 109 A. 246 (1920). Clearly, the construction of a fence in an area outside the traveled portion of the highway is no greater an interference with the easement of passage along such highway than the planting of shade trees.
Additionally, in the Town of Washington, fences and stone walls are located adjacent to the traveled portion of highways. Specifically, alternate Zoning Board of Appeals member Johnson estimated that fifty (50%) percent of the fences in the Town of Washington are within the Town's highway right-of-way. Record # 77, at pp. 33-34.
The Zoning Board of Appeals did not state as a reason for its denial of the plaintiff's fence application that the fence interfered with the easement of passage along the highway. Since other fences and obstructions such as stone walls and trees are permitted in the highway right-of-way as long as they do not interfere with the easement of passage along such highway, the denial of the plaintiff's fence application because it was located within the Town highway right-of-way was unreasonable and arbitrary and therefore, the Zoning Board of Appeals acted improperly in denying the plaintiff's fence application.
Accordingly, the plaintiff is permitted to keep her fence erected, however, the plaintiff must comply with Section 12.2 of the Zoning Regulations because Section 12.2 does not authorize a waiver of height requirements.
2. The Farming Application Appeal
The use of site plans in zoning matters is authorized by General Statutes 8-3 (g). It provides, in pertinent part, that "[t]he zoning regulations may require that a site plan be filed with the commission . . . to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations. . . . A site plan may be modified or denied if it fails to comply with requirements already set forth in the zoning . . . regulations."
Washington's zoning regulations are set out in twenty one Sections. Section 14 of the zoning regulations is entitled "Site CT Page 7733 Plan Requirements." Section 14.3 of the Zoning Regulations provides, in pertinent part, that "[a] site plan shall be required for all new structures or changes of use from single family residential to any other permitted use. . . ." Section 14.3 then lists what is required to be drawn on the site plan.
The purposes for requiring a site plan are specified in Section 14.7, which provides:
 In an endeavor to ensure that structures and the uses of land are arranged in a manner that enhances the health, safety and general welfare of the citizens of the Town of Washington, the Commission shall inspect and approve all site plans prior to issuance of a permit. The Commission shall determine that the proposed buildings or uses shall be of such character as to harmonize with the neighborhood, to accomplish a transition in character between areas of unlike character, to protect property values in the neighborhood, to preserve and protect natural resources and the appearance and beauty of the community and to avoid undue traffic congestion.
Washington Zoning Regulations Section 14.7. These provisions served as the authority for the Zoning Board of Appeals' decision to sustain the defendants appeal of the farming application.
Specifically, the Zoning Board of Appeals stated that the approval of the farm use based upon an inadequate site plan, and particularly in the absence of a detailed planting plan designed to screen the farm operation from adjoining residential properties was in error.
The Zoning Board of Appeals also determined that the site plan upon which the farm use was permitted has been demonstrated to be inaccurate in so far as the perimeter fence shown thereon is located within the Town highway right-of-way.
There is no basis in the Record, however, for the Zoning Board of Appeals to have concluded that the Commission committed "an error" in its decision "(1) to waive certain site plan requirements, (2) to waive the buffering contemplated by CT Page 7734 Section 12.3" because the applicable provisions of the zoning regulations relating thereto expressly grant the Commission the authority to take the action which it did in fact, take.
For instance, Section 14.5, of the Zoning Regulations, permits the Zoning Commission to waive site plan requirements. Specifically, Section 14.5 provides, in pertinent part, that: "[t]he Commission may, upon written request by the applicant, waive one or more of the site plan ingredient requirements if the applicant can show, to the satisfaction of the Commission, that the information is not needed to reach a decision on the application."
Section 14.7.12 of the Zoning Regulations, entitled "Planting Plan," provides that "[w]here deemed necessary by the Commission, a planting plan with plant lists and sizes shall be provided as a part of the site plan." Id.
In addition to the site plan requirements, Section 12.3 of the Regulations provides for buffers. Specifically, Section 12.3 provides:
 As a condition of approval of any use other than a single-family residence, the Commission may require a landscaped strip along the property line and/or road frontage, suitably planted with trees and shrubs to provide an effective buffer, in order to minimize any adverse effect that the proposed use might have on the neighborhood.
Washington Zoning Regulations Section 12.3.
The Commission waived site plan requirements for contours, scale and buffers prior to approving the application for the permit to farm ostriches because the Commission decided that these requirements were not needed to make a decision regarding the site plan application. Record # 30. Moreover, these waivers were made pursuant to Section 12.3, 14.5, and 14.7.12 of the Zoning Regulations, which specifically authorized the Commission to waive such requirements. Record # 30; see also Record # 84, Washington Zoning Regulations Sections 12.3, 14.5, 14.7.12.
In addition, in reaching its decision, the Zoning Board of Appeals also determined that the plaintiff's farming operation, and the site plan upon which it was based, did not satisfy Section 14.7 CT Page 7735 of the Zoning Regulations. Specifically, that the proposed buildings and farming use would not:
 be of such character as to harmonize with the neighborhood, to accomplish a transition in character between areas of unlike character, to protect property values in the neighborhood, to preserve and protect natural resources and the appearance and beauty of the community and to avoid undue traffic congestion.
Washington Zoning Regulations Section 14.7.
The Zoning Board of Appeals' decision based on the lack of buffers and a planting plan depicted in the site plan, and that the farm was not in general harmony with the district, was arbitrary because the plaintiff's application was for site plan approval of a use that was already allowed under the Washington Zoning Regulations. "Farming" is a permitted use in the farming and Residential District. See Washington Zoning Regulations Section 4.2.4; Record # 84. Section 21.1.12 of the Zoning Regulations defines "farming" as "the act of . . . the raising of livestock, farm animals or birds. . . ." This being the case, the result here comports with our Supreme Court's earlier stated proposition: "The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on traffic, municipal services, property values, or the general harmony of the district." Beit Havurah v. Zoning Board of Appeals, 177 Conn. 440, 443, 418 A.2d 82 (1979); TLC Development. Inc. v. Planning Zoning Comm'n, 215 Conn. 527, 532-33, A.2d (1990). Accordingly, plaintiff's appeal on the farming application is sustained.
3. The Site Plan Revision Appeal
The appeal of the revised site plan is remanded to the Zoning Board of Appeals to determine whether the revisions to the plaintiff's site plan are "minor alterations." See Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152, 543 A.2d 1339
(1988). If, however, the plaintiff's revised site plan application were withdrawn, the issue of whether the alterations were "minor" becomes moot. CT Page 7736
SUSCO, J.