[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs John LeConche and Susan LeConche appeal the decision of the tree warden of the defendant town of South Windsor ordering the removal of certain trees planted by the plaintiffs. The plaintiffs appeal pursuant to General Statutes § 23-59. The court finds the issues in favor of the defendant town.
The facts necessary to the court's decision are not in dispute and are fully reflected in the record. In April 1999, the plaintiffs planted several trees on land located between the roadway curb and the public sidewalk adjacent to their property on Charlie Circle in South Windsor. The land where they planted the trees is owned by and under the control of the town. The plaintiffs did not ask for or receive permission from the town to plant the trees.
In July 1999, the tree warden of the town determined that the trees should be removed and posted a notice to that effect. The plaintiffs CT Page 4977 notified the warden that they wished to appeal his decision. The warden thereupon held a public hearing on the matter on July 14, 1999.
At the hearing, the plaintiffs appeared and presented testimony and other evidence in support of the retention of the trees. They also presented a petition signed by 58 residents of the town who own nearby property, which requested retention of the trees. The record does not disclose any statements or other evidence from the warden as the basis of his determination that the trees should be removed.
Following the hearing, the warden rendered his decision that the trees be removed by the plaintiffs on or before December 6, 1999, or the town would remove them. It is that decision which is the subject of this appeal.
Although in the court's view it is a close question, the court finds that the plaintiffs are aggrieved by the warden's decision and, therefore, have standing to bring this appeal. This finding is based on the undisputed facts that the plaintiffs purchased and planted the trees in question and that they stand on land adjacent to their own property.
The basis of the plaintiffs' appeal is their interpretation of General Statutes § 23-59. It is their contention that this statute authorizes the tree warden to remove the trees in question only if such removal is required by considerations of public safety. Since there is no evidence in this case that the trees in question are a hazard to the public, they argue that the warden has no authority to remove them. This argument may not be sustained.
General Statutes § 23-59 et seq. set forth the duties and responsibilities of the tree warden. Section 23-59 provides, in relevant part, that the warden "shall have the care and control of all trees and shrubs in whole or in part within the limits of any public road or grounds and within the limits of his town or borough . . . Such care and control shall extend to such limbs, roots or parts of trees and shrubs as extend or overhang the limits of any such public road or grounds . . . Whenever, in the opinion of the tree warden, the public safety demands the removal or pruning of any tree or shrub under his control, he may cause such tree or shrub to be removed or pruned at the expense of the town . . . If any person . . . objects to such removal or pruning, he may appeal to the tree warden in writing, who shall hold a public hearing . . . Within three days after such hearing, the tree warden shall render his decision . . . and the party aggrieved by such decision may, within ten days, CT Page 4978 appeal therefrom to the superior court. . . ." Our Supreme Court has interpreted § 23-59 as vesting "exclusive control in the tree warden of all trees standing within the limits of a highway or any parts of trees extending within those limits, though the trees themselves stand on private grounds. . . ." Muratori v. Stiles and ReynoldsBrick Company, 128 Conn. 674, 678 (1942).
As indicated in the Muratori decision, the court recognizes that the statute embraces a wide variety of circumstances in setting forth the parameters of the warden's authority. The warden has control over trees that stand wholly on public property, of course. See section23-60. The warden also has control over trees that stand on private property if they are a hazard to the public. In exercising his authority over a tree that is on private property but which constitutes a hazard to the public, the warden must furnish notice and a hearing so that the private owner of the tree may object, and the warden's final decision in such a case is subject to review by the court. This procedure is consistent with principles of fundamental fairness incorporated in our law and the rule that the government may not interfere with private property without affording due process of law; that is, at a minimum, notice and an opportunity to be heard.
But those provisions in § 23-59 requiring notice, hearing, proof of public hazard, and court review have no application in the case of trees standing wholly on public lands. To hold otherwise would be to grant any individual the right to exercise unilateral and significant management and control over trees and shrubs on public lands, effectively usurping the duties and responsibilities of the public officials duly charged with such responsibilities. Thus, if the plaintiffs' interpretation of the statute were to prevail, individuals would be entitled, without permission, to plant trees and shrubs anywhere they wanted on public property — the library lawn, the school yard, in front of the town hall, — indeed, create their own forests on public lawns — and the town would be powerless to object unless it could demonstrate that the uninvited and unwanted plantings constituted a danger to the public. Such an interpretation plainly would result in perpetual and chaotic uncertainty in the doing of the public's business. The law requires the court to reject the construction of a statute that would produce such a bizarre and unintended result. State v. Uretek, Inc. 216 Conn. 706, 719 (1988).
The flaw that is fatal to the plaintiffs' argument in this case, therefore, is that they planted the trees in question on public lands, not on their own property, and without securing permission CT Page 4979 from the town. By doing so, they relinquished all interest in and control over the trees. The court's conclusion in this regard might have been different if the plaintiffs had obtained the tree warden's permission in advance, thereby preserving at least some equitable interest in the future management of the trees. As noted, however, they acted entirely unilaterally. They are not, therefore, in a position to challenge the decision of the warden, who is the official specifically charged by statute with the responsibility for overseeing such projects on public lands.
For the reasons set forth above, the appeal is dismissed.
MALONEY, JUDGE.