[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In an Amended Complaint, dated April 19, 2000[1] the plaintiff alleges in Count II that the defendant, John Vesiccho, negligently failed to care for and control a tree located on his property, and that this negligence caused her injuries. The defendant Vesiccho filed a motion for summary judgment on that count, arguing that there are no issues of genuine fact in dispute and that the movant is entitled to judgment as a matter of law. The plaintiff filed no responsive brief or memorandum of law.
In her pleadings, the plaintiff alleges that she was a motorist who was injured by the negligence of another defendant who drove through a stop sign which was, apparently,[2] obstructed by limbs from a tree originating on defendant Vesiccho's property. In Count II of the complaint, the plaintiff claims that the defendant's failure to prune, and/or control his tree was negligent and that this negligence caused her injuries. The plaintiff also claims that the defendant negligently caused her injuries by failing to demand that the tree be pruned and/or removed.
The defendant relies on General Statutes, §§ 23-58 and 23-59 to support his argument that he owed no duty to the plaintiff. Those statutes read, in pertinent part:
 "The selectmen of each town . . . shall . . . appoint a . . . tree warden."
 "The town . . . tree warden shall have the care and control of all trees and shrubs in whole or in part within the limits of any public road or grounds and within the limits of his town . . . and of these trees the tree warden shall take the care and control if so requested in writing by the park commissioners. Such care and control shall extend to such limbs, roots or CT Page 12279 parts of trees and shrubs as extend or overhang the limits of any such public road or ground. . . ."
The defendant also cites General Statute section 23-65, which forbids any person from removing, pruning or injuring any shrub or ornamental tree within the limits of a public highway without written permission of the tree warden. These three statutes, read together, the defendant claims, vest the control over trees which hang in public space with the tree warden. Because it is his position that it was the tree warden's duty to remove any obstructive tree limbs or branches from the public road, and not his, the defendant claims that he is entitled to judgment, as a matter of law.
The issue presented by the defendant's motion is this: whether property owners owe a duty of care to individuals allegedly injured by limbs or branches of trees which hang in public space, but originate on the private property of the owner. For reasons more fully explained herein, this court holds that such property owners owe no duty.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Alvarezv. New Haven Register, Inc., 249 Conn. 709, 714, 735 A.2d 306 (1999); Practice Book § 17-49.
There is no genuine issue of material fact here. The plaintiff has submitted no factual or evidentiary matters for this court to consider, apparently relying upon the allegations in her complaint. The crucial question presented is whether the defendant owed a duty of care to the plaintiff under the circumstances presented in the instant case.
"The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v.Southern New England Telephone Co., 44 Conn. App. 657, 660, 691 A.2d 1107
(1997). "There can be no actionable negligence . . . unless there exists a cognizable duty of care. . . . Whether a duty of care exists is a question of law to be decided by the court." (Citations omitted.) Watersv. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996).
"The Connecticut Supreme Court addressed the predecessors of §§ 23-59
and 23-65 in Muratori v. Stiles Reynolds Brick Co., 128 Conn. 674
(1942). In that case, the plaintiff was caused to fall off a truck by branches of a tree which overhung a highway, and he sued the owner of the land where the tree stood, a factual situation not unlike the present CT Page 12280 cases. The Supreme Court held that the two statutes read together `make it clear that the legislative intent was to rest exclusive control in the tree wardens of all trees standing within the limits of a highway or of any parts of trees extending within those limits, though the trees themselves stand on private grounds. . . .' Id., 675 . . . Lower courts have applied the Muratori reasoning to . . . negligence cases. See Modev. Nelson, Superior Court, judicial district of New Britain, Docket No. 493091 (February 18, 2000, Graham, J.); Nutmeg Paper Boxes, Inc. v.Johnson, 17 Conn. Sup. 107 (1950)." Bernard v. Freitas, Superior Court, judicial district of Danbury, Docket No. CV97 032 86 42 S (Nov. 29, 2000, Adams, J., 2000 Ct. Sup. 14744).
Consistent with the holdings of other courts faced with this issue, "this court finds that even though the tree and/or shrub involved in this case may stand on the defendants' property, General Statutes §§ 23-59
and 65 vests the care and control, indeed, the exclusive control, of limbs or branches which extend over a public road with the municipal tree warden." Id. Therefore, the court holds that the defendant did not owe a duty of care to the plaintiff with respect to the tree on his property. Without such a duty, there cannot be any actionable negligence on his part.
Accordingly, the court grants the defendant's motion for summary judgment.
Robinson-Thomas, J