FRED R. MICLON *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WINDSOR LOCKS ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and WALL, Js.

Argued June 10—decision released August 23, 1977

*Thomas P. Byrne,* for the appellant (plaintiff).

*Donald J. Deneen,* with whom, on the brief, was *Marcia A. Peraza,* for the appellee (named defendant).

*Mark D. Gassner,* for the appellee (defendant Barnett B. Berliner).

WALL, J.   The plaintiff, the building official and zoning enforcement officer for the town of Windsor Locks, appealed to the Court of Common Pleas from the decision of the defendant zoning board of appeals (hereinafter the board) granting a variance to the defendant Barnett B. Berliner to construct an eighty-six unit apartment complex upon a parcel of land zoned Business 1.  From the judgment of that court finding the issues for the defendants and dismissing the appeal, the plaintiff has appealed to this court upon the granting of certification.

The parcel of land for which Berliner sought and the board granted the variance which is the subject of this appeal contains approximately six acres, comprising part of a larger tract of land of approximately fifteen acres, located at the junction of Route 20, the Bradley Field Connector, and Route 75, Turnpike Road, which was rezoned from Industrial 1 to Business 1 in 1968 at Berliner's request.  The Berliner parcel comprises the rear portion of the larger tract and is bounded, without access, by Route 20 to

the southwest and by land zoned Industrial 1 belonging to the town on the southeast. The parcel has access onto Turnpike Road to the northwest by use of a driveway across the larger tract. It is pie-shaped, with its narrow end toward Turnpike Road, widening to the rear, and drops off sharply toward the rear of the parcel to at least sixty feet below street level. The remainder of the larger tract is developed, containing a Ramada Inn and a small office building. In applying to the board for his variance, Berliner claimed to have spent a number of years and considerable effort attempting to develop his parcel for office space. He claimed that, because of the severe drop-off and limited access to Turnpike Road, the parcel could not reasonably be developed for office space but, because of these same factors, would be well suited for apartments. The board granted his application, stating for its record the criteria for granting a variance contained in § 12.3.3 of the zoning ordinance,[1] and four members stating that the criteria were satisfied.

The issue raised by the plaintiff's appeal is whether, on the record of the board's proceedings, its action was arbitrary, illegal or an abuse of its discretion. *Bogue v. Zoning Board of Appeals,* 165 Conn. 749, 752, 345 A.2d 9; *Belknap v. Zoning Board of Appeals,* 155 Conn. 380, 385, 232 A.2d 922; *Wil-*

---

[1] Windsor Locks Zoning Ordinance § 12.3.3 provides that the zoning board of appeals shall have the following power: "To determine and vary the application of provisions of these regulations in harmony with their general purposes and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated a literal enforcement of these regulations would result 'in exceptional difficulty or unusual hardship so that substantial justice be done and the public safety and welfare secured."

lard v. *Zoning Board of Appeals,* 152 Conn. 247, 248–49, 206 A.2d 110. The board is empowered, by § 8-6 of the General Statutes and § 12.3.3 of the zoning ordinance, to grant a variance from the strict application of the zoning ordinance only in cases of exceptional difficulty or unusual hardship. See, e.g., *Dolan* v. *Zoning Board of Appeals,* 156 Conn. 426, 430, 242 A.2d 713; *Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 143, 215 A.2d 104. The basis for Berliner's claim for a variance was that for a number of years he had been unable to develop his parcel for office space. While the record reveals the difficulties of access and topography to which his parcel is subject in attempting to develop it for this purpose, Berliner, representing himself before the board, made no showing that this parcel could not reasonably be developed for some other use permitted in a Business 1 zone or that the effect of limiting the parcel to the permitted uses only would be confiscatory or arbitrary. See *Culinary Institute of America, Inc.* v. *Board of Zoning Appeals,* 143 Conn. 257, 262, 121 A.2d 637; *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 51, 118 A.2d 894.[2]

Even if exceptional difficulty or unusual hardship was shown to have existed, the board could not grant a variance for a use which was inconsistent with the "general purpose and intent of the zoning ordi-

---

[2] Although there is some evidence in the record that Berliner controlled the development of the Ramada Inn and Bitco Office Building located upon the remainder of the Business 1 tract and therefore suffered from a self-imposed hardship not warranting relief by variance; *Abel* v. *Zoning Board of Appeals,* 172 Conn. 286, 289, 374 A.2d 227; see 2 Yokely, Zoning Law and Practice (3d Ed.) § 15-8; the record is insufficient to permit adequate discussion of this issue. Since the parties failed to brief this issue, we need not consider it in view of the other grounds for disposition presented by this appeal.

nance"; *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 662, 211 A.2d 687; or which impaired the integrity of the comprehensive plan. *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 295, 99 A.2d 149. The fact that the variance permitted a use which was "higher" than that of the surrounding property did not, alone, ensure that the permitted use was consistent with the comprehensive plan. Since no comprehensive plan was certified as part of the record, the court must look to the zoning ordinance itself for the comprehensive plan. See *Dooley* v. *Town Plan & Zoning Commission,* 154 Conn. 470, 473–74, 226 A.2d 509; *Couch* v. *Zoning Commission,* 141 Conn. 349, 355, 106 A.2d 173; Haar, "In Accordance with a Comprehensive Plan," 68 Harv. L. Rev. 1154, 1166–70. From the Windsor Locks zoning map it appears that the Turnpike Road area of Windsor Locks is zoned Business 1, Industrial 1 and Industrial 3. The Business 2 district, in which apartments have been constructed, is located in the eastern part of town along Main Street and North Main Street. The record of the board's proceedings indicates that both the economic and industrial development commission and the planning and zoning commission opposed allowing apartments in the Turnpike Road area.[3] Berliner's own testimony suggested that the proposed apartments were not in keeping with the comprehensive plan

---

[3] A letter from the economic and industrial development commission which stated in part that "it is against the policy of this commission to favor residential units in a business zone unless an overwhelming need is demonstrated to support business or industrial operations" was read into the record of the board's proceedings. The member of the planning and zoning commission appearing to present the commission's views stated in part: "[W]e don't need residential use in commercial and industrial zones . . . . Route 75 is practically the bread and butter of the town, it is growing in industry . . . it sets a tremendous precedent."

established by the zoning ordinance.[4]  Apart from this substantial evidence that the development of apartments on the Berliner parcel was not consistent with the comprehensive plan, there is nothing in the record to indicate that the proposed apartments were in harmony with the comprehensive plan.[5]  The board therefore acted unlawfully in granting a variance to permit this use.

It is unnecessary to consider the plaintiff's remaining claim that the board's action cannot be sustained because the board, in granting Berliner's requested variance, failed to state upon its records the reasons for its action, describing specifically the exceptional difficulty or unusual hardship on which its decision was based.  See General Statutes § 8-7.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.

---

[4] Berliner testified in pertinent part as follows:  "May I answer the question on the comprehensive plan.  In due respect to your officials in town, I have a great deal of planning and re-use analysis and zoning and new use plans for cities and towns — and times change. . . .  We have a lot of industrial land in the town, and it would be good if we built a lot of industry, but I'm not sure it may be practical to build industry in Windsor Locks with the cost of fuel and the cost of oil, although it may be the kind of thing to bring clean industry here, it may not happen and until it happens it still has to be utilized."

[5] While the board undoubtedly discussed this aspect of the application in the executive session which it held immediately prior to approving Berliner's application, its deliberations in that session are not a part of the record and, of course, can furnish no support for its action.