[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The respondents, Joseph H. and Ellen Ann Donnelly (hereafter "Donnelly") as trustees, are seeking to subdivide an eight and three hundred eighty-nine thousandth (8.389) acre tract of land. Two of the proposed lots which are designated as lots five (5) and six (6) are partially located in a R-A zoning district and partially in a R-AA zoning district. This anomaly is the result of a zone boundary line which passes through a portion of the tract creating a small triangular parcel in the R-AA district which fronts Perry Lane. As a result, in preparation for the subdivision, the Donnellys filed an application for a variance with the Ridgefield Zoning Board of Appeals (hereafter "ZBA") seeking relief from the Town zoning regulation . . . Secs. "402.0C(1) (2), Lot size and area, 402.0.D Lot Density, 402.0.F. Setbacks, 305.07, Lot arrangement . . . [t]o allow a portion of the property located in both the R-AA and R-A zones to use the R-A lot size, density, setback, shape and dry land requirements."[1] On July 6, 1992, the ZBA granted the application for a variance subject to the condition "[t]hat there shall be only one shared curb cut for Lots 5 and 6 from Perry Lane."[2]
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303,307, 592 A.2d 953 (1991). Unless the plaintiff alleges and proves aggrievement, the court must deny the appeal. DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369,373, 573 A.2d 1222 (1991). Those who own land which abuts or is within a radius of one hundred feet of the land involved in any decision of a zoning board of appeals are statutorily aggrieved. General Statutes, Sec. 8-8(a). The appellants, Linda and Douglas Nelson, own land within a radius of one hundred feet of the tract in question, i.e., the Donnelly property. The court finds aggrievement.
The function of the trial court is to examine the record to determine if the zoning board's reasons for the granting of the variance are reasonably supported by the record and are a relevant basis on which to act on the application. Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146, CT Page 6369 152-53. The commission's action is to be sustained if any one of the reasons stated is sufficient to support the decision. (Emphasis added.) Primerica v. Planning Zoning Commission, 211 Conn. 85, 96. Where the zoning authority has stated the reasons for its decision, the court is not at liberty to probe beyond them. DeMaria v. Planning Zoning Commission, 159 Conn. 534, 541. "Courts are not to substitute their judgment for that of the board; [citations omitted]; and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing." (Citation omitted.) Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654. In applying the law to the facts of the particular case, the board is endowed with liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary, or illegal. The burden of proof to demonstrate that the board acted improperly is upon the appellants. Spero v. Zoning Board of Appeals, 217 Conn. 435, 440.
In the present case, the ZBA granted the variance application and justified its action by reciting that:
 1. The majority of this property in the R-A zone, with only a small portion in the R-AA zone. Testimony indicated that the applicant can divide the property with the same number of lots without a variance. The alternative — curb cuts on both Rockwell Road and Perry Lane — would, however, produce much harm to the neighborhood by creating a safety hazard. This is an unusual hardship that justifies the grant of the variances requested in this case.
 2. It is contrary to good planning to have the zone line running through private property. It was noted that the zone line runs through this property but not across others in the area. Thus, the literal enforcement of the zoning ordinance in this case inflicts an unusual hardship unique to this particular property and not generally affecting the district in which it is situated. A flawed zone line should not be maintained at the expense of the safety of the neighborhood.
3. Most of the neighborhood properties, both CT Page 6370 in the R-A zone and in the R-AA zone directly across the street from the R-AA portion of this property, have been developed as one-acre lots. The proposal is, therefore, in harmony with the general scheme of development in the area. With the above condition, the variance promotes the public health, safety, convenience and welfare of the neighborhood.[3]
These expressed reasons cause the court to examine the record to determine if they find support in the record and are a relevant basis on which to act on the application.
"`A property owner may legally engage in a prohibited use under either of two dispensations. He may obtain a variance, or his use may qualify as a nonconformity.'" (Citation omitted.) Adolphson v. Zoning Board of Appeals,205 Conn. 703, 710. "`A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations . . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements . . . . Thus, the power to grant a variance should be sparingly exercised.'" Kaeser v. Zoning Board of Appeals, 218 Conn. 438, 445; Allen v. Zoning Board of Appeals, 155 Conn. 506, 510.
"Under General Statutes, Sec. 8-6(3), the board may grant a variance provided (1) the variance is shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship which is unnecessary to the carrying out of the general purpose of the zoning plan." Adolphson v. Zoning Board of Appeals, supra, 709; Whittaker v. Zoning Board of Appeals, supra, 655; Smith v. Zoning Board of Appeals, 174 Conn. 323, 326. The first question to be addressed is whether the record supports the ZBA's conclusion that the variance does not substantially affect the comprehensive zoning plan.
"`The comprehensive plan is to be found in the scheme of the zoning regulations themselves.'" Adolphson v. Zoning Board of Appeals, supra, 713; Whittaker v. Zoning Board of Appeals, supra, 656. If the use to be allowed by the variance is consistent with other uses in the area, the first segment of the variance test is met, e.g., where houses in CT Page 6371 the area of the applicant's property were built on lots which were of the same size or smaller and similar setbacks. Eagan v. Zoning Board of Appeals, 20 Conn. App. 561, 564. In the present case, the landowner is seeking to construct two single family dwellings on two one acre lots. The ZBA found that. . .
 [m]ost of the neighborhood properties, both in the R-A zone and in the R-AA zone directly across the street from the R-AA portion of this property, have been developed as one-acre lots. The proposal is, therefore, in harmony with the general scheme of development in the area. With the above condition, the variance promotes the public health, safety, convenience and welfare of the neighborhood.
According to the testimony and evidence introduced at the April 20, 1992 and June 15, 1992 ZBA meetings, the area surrounding the property has been predominantly developed as one-acre lots.[4] In fact, the appellants own lot is one and eighty-six hundredth (1.86) acres in size.[5] It can hardly be suggested, therefore, that the ZBA acted arbitrarily, illegally, or in abuse of its discretion by finding that the variance would not substantially affect the comprehensive zoning plan.
The court will next speak to the question of whether the record supports the ZBA's conclusion that the strict adherence to the zoning regulation causes the defendants exceptional difficulty or unusual hardship, which is unnecessary to the carrying out of the general purpose of the zoning plan.
"`The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved.' [Citation omitted.] `Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance.'" Kaeser v. Zoning Board of Appeals, supra; Whittaker v. Zoning Board of Appeals, supra, 658. "It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or CT Page 6372 conditions beyond the control of the property owner." Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39; Smith v. Zoning Board of Appeals, supra.
Donnelly's property is dissected by a zoning line, resulting in approximately thirty (30) percent of proposed lot five (5) and ten (10) percent of proposed lot six being located in the R-AA zoning district which mandates that two acres of land are required for use as a single family residence. "[T]he boundary lines of zoning districts commonly follow existing, clearly defined, topographical features or public improvements. Thus, the dividing line between one district and the next may be a creek, a highway or a street." Anderson, American Law of Zoning, Sec. 9.06 (1986, 3d ed.). While it is well established that the drawing of a district boundary is a matter within the sound discretion of the municipal legislative body, it is equally clear that the courts will scrutinize district lines, and if they are found to be arbitrary and unreasonable, the courts will invalidate the ordinance or its application to specific land. The courts have been especially critical of boundary lines drawn without regard to existing property lines and established uses of land. Where a district boundary line is drawn so that it divides a lot, leaving part subject to one set of restrictions, and part subject to another, the courts may be unwilling to note the unavoidable arbitrary character of exact division, and to uphold the ordinance on the ground that legislative decision is entitled to a presumption of validity. They may decide that the zoning is haphazard, and that it is not done in accordance with a comprehensive plan. And although a zoning boundary which splits a lot, or even divides an existing building, is not invalid for that reason alone, a court reviewing such an ordinance may conclude that it was adopted without consideration of the interest of the affected landowner, and without an adequate basis in a tendency to serve the public welfare.
Many municipalities are sufficiently aware of the hazards of split lot zoning to avoid it where possible and to make special provisions for relief of hardship in cases where lots are split either by necessity or by inadvertence. Where the owner of a split lot must resort to a variance, relief apparently may be denied for the same reasons which will support a denial of any variance. The granting of a variance to relieve hardship resulting from a boundary line has been CT Page 6373 upheld where unnecessary hardship was demonstrated and the variant use was shown to be harmless to the neighborhood. Anderson, supra, Sec. 9-12.
In Ridgefield, the municipality has partially split the defendants' property creating a parcel with two different zoning districts. "Where . . . the hardship arises as the result of a voluntary act by one other than the one whom the variance will benefit, the board may, in the sound exercise of its liberal discretion, grant the variance." Belknap v. Zoning Board of Appeals, 155 Conn. 380, 384; see also Highland Park, Inc. v. Zoning Board of Appeals, 155 Conn. 40,43. At the April 20, 1992 meeting and June 15, 1992 meeting, the ZBA heard testimony and reviewed documentary evidence that the dissection of the defendants' property is unique.[6]
In addition, the ZBA heard testimony that there is a thirty, forty, or fifty foot drop in the property along Rockwell Road.[7] One Wohlforth testified that the decline was 50-60 feet in height, that the land was rocky and craggy to the extreme, and that it would be extremely difficult to enter and exit the property on Rockwell Road[8] where the cars are known to travel fast.[9] Wohlforth also stated that there have been numerous car accidents on Rockwell Road.[10]
Our courts have long since recognized that topographical conditions on the property involved in a variance application may be the basis for granting a variance, as long as other properties in the area do not have the same problem. Miclon v. Zoning Board of Appeals, 173 Conn. 420, 423; Stillman v. Zoning Board of Appeals, 25 Conn. App. 631, 637, cert. denied, 220 Conn. 923.
Coupled with the testimony concerning the topographical condition was testimony that the Donnellys chose to subdivide the property in the present configuration to minimize the danger on Rockwell Road, and to minimize an otherwise adverse impact upon the safety and welfare of the neighborhood. The fact remains, however, that they could subdivide the property into the same number of lots while complying with the zoning regulations.[11] Although the municipality's unusual and unique dissection of the tract in issue which splits the parcel into two zoning districts, most of which falls into an R-A zoning district, may not in and of itself constitute the requisite hardship. However, that dissection, coupled with the fact that the division of the property into the same number of CT Page 6374 lots without a variance would harm the neighborhood as a result of an increase in safety hazards, is strong for support for ZBA's decision to grant a variance.
The court finds that the ZBA did not act illegally, arbitrarily or in abuse of its discretion. Its stated reasons for its action finds substantial justification in the record. The appeal is, accordingly, dismissed.
Moraghan, J.