[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts and Procedural Background
The applicants, Frederick H. Cousins and Althea Cousins, are the owners of property located at 64 Marsh Road, Noank. This property is located in a waterfront commercial CT Page 7547 district and is the subject of this lawsuit. The plaintiffs are abutting property owners. On November 8, 1994, the applicants filed an application for variances with the defendant Fire District. That application sought numerous variances relating to height limitations, minimum frontage and width and side line requirements of the Noank Fire District Zoning Regulations. The purpose of the requested variances was to allow the applicants to move a portion of a nonconforming structure from its current location to another location on the lot. At the same time, the applicants would increase the height of the nonconforming structure to conform with federally-mandated flood regulations. The applicants claimed in support of their application that the unique size and configuration of the lot did not permit the property to be put to any reasonable use without the requested variance.
On December 8, 1994, the Board conducted a public hearing on the application. Following the public hearing, the matter was considered at special meetings on December 19, 1994, and January 18, 1995. At the January 18, 1995, meeting, the Board voted to approve the application and grant the variances.
The plaintiffs filed this appeal in a timely manner claiming to be aggrieved by the decision of the Board.
Aggrievement
It is conceded by all parties and was shown by deeds introduced at the hearing on the matter that the plaintiffs are abutting property owners, and accordingly, are statutorily aggrieved.
Discussion
Each side ably briefed the matter, and each side has argued the law as it relates to variance, as well as the law as it relates to the expansion of nonconforming uses and structures. Each side has also argued whether or not the proposed variances were in conformity with the comprehensive plan.
It is clear to the Court that the instant case does not concern a nonconforming use. The use of the property as a boat yard, as well as the use of the property for the presently existing single-family residence, is authorized by the Noank CT Page 7548 Zoning Regulations. The issue is not one of use, but rather one of lack of setback, lack of frontage and violation of height requirements.
The parties argue whether or not the variance is in accordance with the comprehensive plan. The parties appear to be in agreement that the comprehensive plan is to be found in the zoning regulations themselves. Because by its very nature, a variance is permission to do something which is otherwise not allowed by zoning, it is reasonable to expect a certain difference between the regulations and the requested activity. Recognizing this reality, the Court finds that the variances here requested are not contrary to the comprehensive plan of the Noank Fire District.
The parties also argue at length about whether or not the proposed variances are an expansion of a nonconforming use. It is the opinion of the Court that if the proposed modification were a permitted expansion of a nonconforming use no variances would be required. Conversely, if the variances were properly granted, it is essentially irrelevant whether or not they are an expansion of the nonconforming use.
The case also presents an issue of whether the variance is clear and unambiguous. The Court finds the language of the variance is clear and unambiguous. The record reveals that the application contains a specific request. The Court finds that the variances as granted are represented by the sketch which accompanied the application. The Court further finds that the applicants could not use the variances in any manner other than the manner requested in this specific application. In view of this, the variances are sufficiently clear and unambiguous.
It is the Court's opinion that, reduced to its essentials this case presents two issues: first, has the applicant shown a sufficient hardship to justify the granting of the variance; and second, if such a hardship has not been shown, is this a situation where a variance may be granted without a hardship for the reasons more fully set forth inAdolphson v. Zoning Board of Appeals, 205 Conn. 703 (1988).
Factually, the instant case is remarkably similar toMiclon v. Zoning Board of Appeals, 173 Conn. 420 (1977). In that case, the Supreme Court recited the facts as follows: CT Page 7549
 "The basis for Berliner's claim for a variance was that for a number of years he had been unable to develop his parcel for office space. While the record reveals the difficulties of access and topography to which his parcel is subject in attempting to develop it for this purpose, Berliner, representing himself before the Board, made no showing that this parcel could not reasonably be developed for some other use permitted in a Business 1 Zone or that the effect of limiting the parcel to the permitted uses only would be confiscatory or arbitrary [Citations omitted.]" Miclon
at 423.
It was conceded at argument, and is clear from the record, that there is a residential dwelling located on the property, that there is some type of boat yard operation being carried out on the property, and that the residential dwelling is a permitted use on the property. The applicant, responding to questions from the plaintiffs' attorney at the hearing on the matter, responded in part as follows:
 "The economic hardship in this case is that Mr. Cousins has sat on this property a long time unable to do anything with it. I'd like to not harp on the economic side of this, but point out that the reason, the best evidence you have in front of you that some problems with this lot, is the fact that it's been for sale for quite a long time. Yes, there was a very high price on it at one point, the price has been made very reasonable since then and has been on the market openly; and there's been very little interest. It's hard to see how you use this for much of anything. It's not a residential property. I deal with residential properties, the bulk of my design business deals with residential properties, this is a very common, very awkward residential property to deal with. It is not one where you are going to raise CT Page 7550 a family. We at one point had a proposal to put a two-family house on that lot, and that would, in fact, require a whole slew of variances because you have a minimum lot size for a two-family house which adds the minimum lot size per dwelling unit, and we weren't even close to it, and the building itself would have had to been added onto extensively to provide for a minimum dwelling unit size. So let me point out that there are economic issues here, but we don't want to bring them in other than as a point of information for you to look at in reviewing the project.
Return of Record, Document 8, pages 13-14.
The same witness testified at the public hearing as follows:
 ". . . . To get from the street down to the water, it's our opinion and the people that I've been dealing with who are involved in handling boats, it would be better to have a straight shot to the road rather than having to curve around the existing building. In terms of laying out a winter storage arrangement, which would allow for the best access and the best use of the land for storage."
Return of Record, Document 8, pages 4-5.
The Fire District appears to argue that because this is a small and narrow property, perhaps the smallest and narrowest in the District, it is unique. The problem with the argument is that while the property may be unique, the hardship is not unique. The hardship is the same hardship which would pertain to any property which failed to meet the bulk requirements for the District in which it was located. The property is used as a residence and as a boat yard. The Court sees virtually no difference between the facts before it and the facts which led the Supreme Court to sustain the plaintiff building official's appeal from the granting of a variance to Mr. Berliner in Miclon v. Zoning Board of Appeals.
CT Page 7551
Finally, the Court recognizes that the Supreme Court may have acknowledged an exception to the requirement for a hardship in Adolphson. Although Adolphson concerned a use variance and not a bulk variance, it is conceivable that the principle applies to a bulk variance. Two 1979 Supreme Court cases, Point O'Woods Association v. Zoning Board of Appeals ofthe Town of Old Lyme, 178 Conn. 364 (1979); and Wells v. ZoningBoard of Appeals of the Town of Shelton, 180 Conn. 193 (1979), may be precursors to the rationale of Adolphson. In all three cases, there is some indication that either nonconforming uses can be relocated or variances can be granted to ameliorate the nonconformity. If the applicant in the present case were simply trying to move a building from within two feet of one side line to within two feet of another side line, there would be a plausible argument that his application could be saved by the Adolphson rationale. However, in the instant case, the applicant is not only trying to move the building, but he is also trying to raise it to 20 feet, some eight feet in excess of both its present height and its allowed height. The result would be bulk nonconformities which violates both height and setback rather than setback alone. Under these circumstances, while the Court realizes that the reason for the height requirement is the Federal Flood Regulations, nevertheless, the Court concludes that the new nonconformity would be more intrusive than the old. Accordingly, it does not appear that the rationale of Adolphson is applicable to the present situation.
Conclusion
For the reasons herein stated, the appeal is sustained. The Court finds that the Noank Fire District Zoning Board of Appeals abused its discretion in granting the variances. The variances are found to be illegal.
Kevin E. Booth, J.