[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. NATURE OF THE PROCEEDINGS
This is an appeal from the decision of the defendant, Clinton Zoning Board of Appeals (hereinafter the "Board"), granting a variance to the named defendant, Michael Dattilo, owner of property located at 28 Blake Avenue, Clinton, Connecticut, to permit the construction of a rear deck. The appeal was filed by the plaintiff, Helen Seplowitz, owner of land abutting the property which is the subject of the variance.
II. FACTS
On August 29, 1995, the named defendant filed an application seeking a variance of rear and side setback requirements to permit the construction of a rear deck. (ROR, Item 1.) The application sought a variance of the Clinton Zoning Regulations § 8 A-6 which CT Page 204 requires a minimum side setback of 10 feet in an R-10 zone.[1] (ROR, Item 1.) The matter was scheduled for a public hearing on September 20, 1995, but counsel for the named defendant, by a letter dated September 20, 1995, requested that the matter be postponed until October 18, 1995. (ROR, Item 2.) By the same letter, counsel requested that the application be supplemented and modified to include the application for a variance of the rear setback required by Clinton Zoning Regulation § 8 A-8 which requires a 25 foot minimum setback in an R-10 zone.
The hearing was postponed until October 18, 1995 and legal notice of the postponement was published in the Clinton Recorder on September 26, 1995. (ROR, Item 8.)
Legal Notice of the October 18, 1995 public hearing was published in the Clinton Recorder on October 7, 1995 and again on October 14, 1995. (ROR, Item 11.) The notices specified that variances of both § 8 A-6 and § 8 A-8 were requested.
The plaintiff appeared at the public hearing on October 18, 1995 and, through counsel, spoke in opposition to the application. (ROR, Item 13, p. 10-20.)
Following the close of the public hearing, the Board, voting to grant the requested variance, cited safety as the hardship element and further noted that the requested variance would enable the property to be brought into conformity with surrounding lots.
(ROR, Item 16.) Legal notice of the Board's decision was published in the Clinton Recorder on October 24, 1995. (ROR, Item 18.) The defendant, Michael Dattilo, was notified of the Board's decision by a letter dated October 24, 1995. (ROR, Item 19.)
The plaintiff filed the present appeal on November 8, 1995, claiming that the variance permits the construction of an elevated rear deck which will inhibit the plaintiff's view of Long Island Sound. In particular, the plaintiff claims that the Board, in granting the variance acted illegally, arbitrarily and in abuse of its discretion in that this application lacked the necessary elements for the granting of a variance as required by General Statutes § 8-6 (3). (Plaintiff's Appeal, p. 3.)
III. DISCUSSION
A. Aggrievement
CT Page 205
Pursuant to General Statutes § 8-8 (b), "any person aggrieved by any decision of a board may take an appeal to the superior court . . ." For purposes of General Statutes § 8-8 (b), an aggrieved person "includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
The plaintiff testified at the hearing before this court that she has been at all times relevant to this appeal and continues to be the owner of property at 31 West Walk, Clinton, Connecticut, which abuts the property that is the subject of the variance. Accordingly, it is found that the plaintiff is statutorily aggrieved.
B. Timeliness and Service of Process
General Statutes § 8-8 (b) requires that an appeal from a decision of a planning and zoning commission or a zoning board of appeals "shall be commenced by service of process [on the chairperson of the board and the clerk of the municipality] within fifteen days from the date the notice of the decision was published. . . ." See General Statutes §§ 8-8 (b), (e) and (f).
The Board published notice of its decision in the ClintonRecorder on October 24, 1995. (ROR, Item 18.) This appeal was served on Chairperson Mark Richards, Secretary D. Shumbo, and upon the named defendant, Michael Dattilo, on November 3, 1995. (Sheriff's Return of Service.) Accordingly, the court finds that the appeal is timely.
Consequently, since this court has found that the plaintiff is aggrieved and that this appeal was timely served on the proper parties, this court has jurisdiction.
C. Standard and Scope of Review
"Upon appeal, the trial court reviews the record before the [administrative agency] to determine whether it has acted fairly or with proper motives or upon valid reasons . . . ." (Internal quotation marks omitted.) Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991). "In applying the law to the facts of a particular case, the [Commission] is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal." Id. CT Page 206
"It is well settled that a court, in reviewing the action of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." Farrington v. Zoning Board of Appeal, 177 Conn. 186,190, 413 A.2d 817 (1979). "[T]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." Stankiewicz v. Zoning Board ofAppeals, 15 Conn. App. 729, 732, 546 A.2d 919, aff'd, 211 Conn. 76,556 A.2d 1024 (1988). Finally, when the decision of an administrative agency is challenged, "[t]he burden of proof is on the plaintiff to demonstrate that the [Board] acted improperly."Spero v. Zoning Board of Appeals, supra, 217 Conn. 440.
D. Variance Standards
Pursuant to General Statutes § 8-6 (3), a zoning board of appeals has the power to grant or deny an application for a variance.
"A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. . . . Thus, the power to grant a variance should be sparingly exercised." (Internal quotation marks omitted.) Kaeser v. Zoning Board ofAppeals, 218 Conn. 438, 445, 589 A.2d 1229 (1991).
A zoning board has the power to grant a variance "where two basic conditions are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) Pollard v. Zoning Board of Appeals, 186 Conn. 32, 38-39,438 A.2d 1186 (1982). "In granting a variance, the board is presumed to have acted fairly and upon valid reasons unless the contrary is shown . . . . and the board has wide discretion to grant variances." Burlington v. Jencik, 168 Conn. 506, 508-09,362 A.2d 1338 (1975).
1. Comprehensive Zoning Plan
The comprehensive zoning plan may be determined from a review of the zoning regulations. Miclon v. Zoning Board of Appeals, CT Page 207173 Conn. 420, 424, 378 A.2d 531 (1977).
The plaintiff argues that the granting of this variance substantially affects the comprehensive zoning plan of the Town of Clinton in that the variance authorizes a six and one half foot side setback and a six foot rear setback where the Clinton Zoning Regulations require a side setback of no less that ten feet and a rear setback of no less than twenty-five feet in an R-10 zone. Further, the plaintiff argues that such a large deviation from setback requirements violates the Clinton Zoning Regulations § 13.1.1 which prohibits the expansion of nonconforming buildings.
The defendant argues that the rear yard of the subject, property "abuts Long Island Sound" and the proposed extension of the deck into the rear yard is "consistent with the general character of the neighborhood." (Defendant's Brief, p. 5.) Further, the defendant argues that since the elevated deck would not increase total ground coverage, there is no expansion of a nonconformity. (Defendant's Brief, p. 5.)
The Board did consider the issue of the expansion of a nonconforming building, but determined that the removal of existing property features such as flower beds will offset any increase in ground coverage caused by the deck, resulting in a net groundcover change of zero. (ROR, Item 13, p. 4-7; Item 15, p. 5; Item 16, p. 2.) Furthermore, the Board determined that the subject property was the only waterfront property in the vicinity which does not have a water view. Thus, the Board made a determination that the requested variance did not substantially affect the comprehensive zoning plan.
This court finds that the Board's determination that the variance does not substantially affect the comprehensive zoning plan is reasonably supported by the record. Accordingly, this court will not interfere with the Board's wide discretion in this regard.
2. Hardship
"A variance may be granted if the literal enforcement of a regulation causes exceptional difficulty or hardship because of some unusual characteristic of the property. . . . To support the granting of a variance, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the CT Page 208 property owner's control." Stillman v. Zoning Board of Appeals, Conn. App. 631, 636, 596 A.2d 1 (1991).
The plaintiff argues that the Board's finding that the hardship was "a matter of safety" is a legally insufficient hardship in that the safety concerns could have been eliminated by a much smaller structure which could have been constructed without any variance at all. (Plaintiff's Brief, p. 10.) Furthermore, the plaintiff argues that the additional hardship cited by the Board that "[t]his variance will also allow the applicant to bring this lot more in conformance with the surrounding lots" is legally insufficient because it does not constitute the unusual hardship contemplated by the variance standards. (Plaintiff's Brief, p. 11.)
The named defendant claims that the proposed deck allows a more "reasonable egress from the main living area" which is on the second floor of the home. (Defendant's Brief, p. 7.) Presently, access from the main living area is only available by progressing down an internal staircase to the basement level for exit onto the concrete patio. (Item 13, p. 8-9.)
The Board determined that the subject property is the only waterfront property in the vicinity which lacks a view of the water. (Item 16, p. 2.) Furthermore, since the view is blocked by neighboring homes, this condition was not created by the named defendant. As a result, the strict application of the setback requirements specified in the zoning regulations will deprive the named defendant of any possibility of obtaining a water view.
Therefore, since the record supports the Board's finding of a hardship which is unique to Mr. Dattilo's property, this court will not disturb the board's wide discretion.
IV. Conclusion
For the reasons herein stated, this court finds that the Board's granting of the variance was not unreasonable, arbitrary or illegal and that its decision is reasonably supported by the record.
Accordingly, the plaintiff's appeal is dismissed.
It is so ordered. CT Page 209
BY THE COURT:
ARENA, J.