******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

E AND F ASSOCIATES, LLC *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF FAIRFIELD ET AL.
(SC 19325)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.

*Argued October 5—officially released December 22, 2015*

*Joel Z. Green*, with whom was *Linda Pesce Laske*,
for the appellant (plaintiff).

*Stanton H. Lesser*, for the appellee (named
defendant).

*Opinion*

ROGERS, C. J. The issue that we must decide in this appeal is whether the defendant Zoning Board of Appeals of the Town of Fairfield (board) properly granted an application for zoning variances to the defendant 1460 Post Road, LLC (applicant), which allowed the vertical expansion of a nonconforming building, when there was no showing that the strict application of the zoning regulations would destroy the property's value for any of the uses to which it could reasonably be put. The plaintiff, E & F Associates, LLC, appealed to the trial court from the board's decision granting the variances claiming that: (1) the board improperly had concluded that the strict application of the zoning regulations would produce an unusual hardship even though the subject property would have economic value without the variances; and (2) the board's decision was illegal and void because a member of the Fairfield Board of Selectmen, who was an ex officio member of the board, represented the applicant in the proceedings before the board. The trial court rejected both claims and dismissed the plaintiff's appeal. The plaintiff then filed this appeal,[1] in which it contends that the trial court improperly resolved both claims. We conclude that the trial court improperly determined that the strict application of the zoning regulations would produce an undue hardship for the applicant, justifying the variances. Accordingly, we reverse the judgment of the trial court on this ground, and we need not address the plaintiff's second claim.

The record reveals the following facts, which were either found by the trial court or are undisputed, and procedural history. The applicant owns property located at 1460–1462 Post Road (property) in the town of Fairfield (town). The property is situated at the corner of Post Road and Sanford Road and is in the center designed business district zone,[2] which consists of a small area in the center of the town's downtown. A single story building is situated on the property and has frontage on both Post Road and Sanford Road. The building was constructed before the town adopted its zoning regulations and is nonconforming with respect to several of those regulations, including setback requirements. Specifically, the town's zoning regulations require that buildings in the center designed business district be set back at least ten feet from the street line and ten feet from the rear property line. The building, however, extends to the street lines on both Post Road and Sanford Street and is set back only six inches from the rear property line.

In 2012, the applicant filed an application with the board seeking variances of the street line and rear property line setback requirements to add a second story to the building.[3] In its variance application, the applicant represented that it wanted to lease the building to a

"quality restaurant," and the existing building lacked sufficient storage and office space for that use. The applicant also represented that it had received "numerous offers [to lease the existing building] from a major coffee/donut shop, several national fast food retailers and other high turnover food establishments," but that it "[did] not believe that it would be in the best interests of itself, the [town] and the Fairfield [c]enter merchants to entertain such offers as they would provide a much higher intensity in traffic in the already bustling Fairfield [c]enter."

The board held a public hearing on the variance application on March 1, 2012. Counsel for the plaintiff, which owns property on Post Road abutting the applicant's property, appeared at the hearing and argued that the applicant was not entitled to the variances because the strict application of the zoning regulations did not render the applicant's property unusable or subject the applicant to a unique hardship. The board voted to approve the variance application, but did not explain the reasons for its approval.

The plaintiff appealed from the board's decision to the trial court claiming, among other things, that the board could not reasonably have found that the strict application of the zoning regulations would produce unusual hardship when the property had several uses even without the variances, and the board had "relied upon improper influences and upon considerations that did not provide a valid basis [for its decision] as a matter of law . . . ." Relying on the Appellate Court's decision in *Stillman* v. *Zoning Board of Appeals*, 25 Conn. App. 631, 596 A.2d 1, cert. denied, 220 Conn. 923, 598 A.2d 365 (1991), the trial court concluded that, because the configuration of the property and the building precluded the applicant from expanding the building vertically without running afoul of the setback regulations, the regulations produced a hardship justifying the approval of the variance application. See id., 636–37 (zoning board of appeals properly granted variance from setback requirements when placement of well and septic system prevented applicant from building addition to house anywhere except in setback). Accordingly, the trial court dismissed the appeal.

This appeal followed. The plaintiff claims that the trial court improperly concluded that the board properly granted the variances when the applicant had failed to demonstrate that the property would have no economic value without the variances.[4] We agree with the plaintiff.

"The standard of review on appeal from a zoning board's decision to grant or deny a variance [pursuant to General Statutes § 8-6 (a)][5] is well established. We must determine whether the trial court correctly concluded that the board's act was not arbitrary, illegal or an abuse of discretion." (Footnote added; internal

quotation marks omitted.) *Moon* v. *Zoning Board of Appeals*, 291 Conn. 16, 23–24, 966 A.2d 722 (2009). "Because the plaintiffs' appeal to the trial court is based solely on the record, the scope of the trial court's review of the board's decision and the scope of our review of that decision are the same." *Hescock* v. *Zoning Board of Appeals*, 112 Conn. App. 239, 244, 962 A.2d 177 (2009). In the present case, the question of whether the board had authority to grant a variance pursuant to § 8-6 (a) when the property would not lack economic value even if the variance were denied is a question of law. Accordingly, our review is plenary. *Hasychak* v. *Zoning Board of Appeals*, 296 Conn. 434, 442, 994 A.2d 1270 (2010). "The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." (Internal quotation marks omitted.) *Moon* v. *Zoning Board of Appeals*, supra, 24.

"A variance constitutes permission to act in a manner that is otherwise prohibited under the zoning law of the town. . . . It is well established, however, that the granting of a variance must be reserved for unusual or exceptional circumstances. . . . An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone. . . . Accordingly, we have interpreted [§ 8-6 (a) (3)] to authorize a zoning board of appeals to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. . . . Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance." (Internal quotation marks omitted.) Id., 24–25.

"Financial considerations are relevant [to the question of whether a variance is justified] only if the application of the regulation or ordinance practically destroys the value of the property for any use to which it may be put and the regulation or ordinance as applied to the subject property bears little relationship to the purposes of the zoning plan." *Bloom* v. *Zoning Board of Appeals*, 233 Conn. 198, 210, 658 A.2d 559 (1995); see also *Rural Water Co.* v. *Zoning Board of Appeals*, 287 Conn. 282, 295, 947 A.2d 944 (2008) ("considerations of financial disadvantage—or, rather, the denial of a financial advantage—do not constitute hardship, unless the zoning restriction greatly decreases or practically destroys [the property's] value for any of the uses to which it could reasonably be put" [internal quotation marks omitted]); *Vine* v. *Zoning Board of Appeals*, 281 Conn. 553, 561, 916 A.2d 5 (2007) ("[f]inancial considera-

tions are relevant only in those exceptional situations where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect" [internal quotation marks omitted]). "A zoning regulation that prevents land from being used for its greatest economic potential . . . does not create the exceptional kind of financial hardship that we have deemed to have a confiscatory or arbitrary effect." (Internal quotation marks omitted.) *Grillo* v. *Zoning Board of Appeals*, 206 Conn. 362, 370, 537 A.2d 1030 (1988); see also *Dolan* v. *Zoning Board of Appeals*, 156 Conn. 426, 430–31, 242 A.2d 713 (1968) ("[i]t is not a proper function of a zoning board of appeals to vary the application of zoning regulations merely because the regulations hinder landowners and entrepreneurs from putting their property to a more profitable use"); *Krejpcio* v. *Zoning Board of Appeals*, 152 Conn. 657, 662, 211 A.2d 687 (1965) ("[d]isappointment in the use of property does not constitute exceptional difficulty or unusual hardship").

"In order to determine whether the board properly granted the subject variance, we must first consider whether the board gave reasons for its action. . . . Where a zoning board of appeals does not formally state the reasons for its decision . . . the [reviewing] court must search the record for a basis for the board's decision." (Internal quotation marks omitted.) *Moon* v. *Zoning Board of Appeals*, supra, 291 Conn. 25.

In the present case, our search of the record has revealed no basis for the board's decision granting the applicant's variance application under the foregoing legal standards. With respect to economic hardship, the applicant conceded in its variance application and at the hearing before the board that it had received numerous offers from a variety of sources to lease the existing building. Accordingly, there is no evidence that the strict application of the zoning regulations would have a confiscatory effect. Indeed, the board makes no claim that the applicant was entitled to the variances because a denial would cause economic hardship. Rather, the board claims that, because most of the properties in the central design business district have two stories and the building on the applicant's property has only one story, and because the building is on a corner lot subject to two separate street setbacks, the property has peculiar characteristics that render the strict application of the zoning regulations unduly harsh because it would prevent the construction of a second story. Even if we were to assume that the placement of the building on a corner lot and the fact that it has only one story are characteristics that are not shared by

other properties in the central designed business district, however, this court previously has held that proof that a property has a "peculiar characteristic"; id., 24; that has made it difficult for a particular use to comply with the zoning regulations does not justify the granting of a variance when the owner has "made no showing that [the property] could not reasonably be developed for some other use permitted in the [zoning district] or that the effect of limiting the parcel to the permitted uses only would be confiscatory or arbitrary." *Miclon* v. *Zoning Board of Appeals*, 173 Conn. 420, 423, 378 A.2d 531 (1977); id. (difficulties created by difficulties of access and topography of property did not justify variance in absence of proof that application of zoning regulations would be confiscatory or arbitrary); see also *Bloom* v. *Zoning Board of Appeals*, supra, 233 Conn. 210 (zoning board of appeals improperly granted variance because "limitations imposed by the shape of the lot do not in themselves create a hardship," and there was no evidence that property would be worthless if variance were denied [internal quotation marks omitted]); *Dolan* v. *Zoning Board of Appeals*, supra, 156 Conn. 431 (no evidence in record demonstrating diminishing effect regulation had on value of property); *Krejpcio* v. *Zoning Board of Appeals*, supra, 152 Conn. 662 (that it would be to applicant's financial advantage to secure variance did not warrant relaxation of zoning regulations). Accordingly, the fact that the peculiar characteristics of the applicant's property made it difficult to construct a second story on the building that would comply with setback requirements did not justify the granting of the variance when the evidence established that the property would have economic value if the variance were denied.

As we previously have indicated, in support of its conclusion to the contrary, the trial court in the present case relied on the Appellate Court's decision in *Stillman* v. *Zoning Board of Appeals*, supra, 25 Conn. App. 631. In *Stillman*, the defendant landowner sought a variance of the town of Redding's coverage and setback regulations in order to build an addition to her house, which the Zoning Board of Appeals of the Town of Redding granted. Id., 632. The defendant landowner had claimed that a hardship existed because the location of a well and septic system on her property prevented her from building the addition anywhere except on an area where it was prohibited by the setback requirement. Id., 636. The plaintiff, an abutting landowner, appealed to the trial court, which reversed the decision of the Zoning Board of Appeals of the Town of Redding on the ground that the defendant landowner had failed to establish a hardship because the record was "devoid of evidence that the property has little or no value because of the setback regulations . . . ." Id., 635–36. The defendant landowner then appealed to the Appellate Court, which concluded that the trial court had applied an improper

test. Id., 636. Specifically, the Appellate Court concluded that, although the "[economic hardship] test is a valid means of establishing a hardship, it is not exclusive." Id. Rather, even in the absence of a showing that the denial of the variance will cause economic hardship, "[a] variance may be granted if the literal enforcement of a regulation causes exceptional difficulty or hardship because of some unusual characteristic of the property."[6] Id. The Appellate Court further concluded that this test was met in *Stillman* because of the location of the well and septic system on the defendant landowner's property. Id., 636–37. Accordingly, the court concluded that the board properly had granted the variance. Id.; see also *Jersey* v. *Zoning Board of Appeals*, 101 Conn. App. 350, 360, 921 A.2d 683 (2007) (variance may be granted when hardship has been established even if property would have economic value if zoning regulations were strictly applied); *Giarrantano* v. *Zoning Board of Appeals*, 60 Conn. App. 446, 453, 760 A.2d 132 (2000) (variance may be granted when strict application of zoning regulations would deprive landowner of particular use of property that is allowed in zoning district even when property would have economic value without variance).[7]

This court, however, has criticized the Appellate Court's decision in *Stillman*. In *Bloom* v. *Zoning Board of Appeals*, supra, 233 Conn. 210–11 n.13, this court stated that, contrary to the holding in *Stillman*, "the fact that an owner is prohibited from adding new structures to the property does not constitute a legally cognizable hardship. If it is a hardship to not be able to use one's property as one wishes, then most setback variance applications would have to be granted. . . . Although we distinguish *Stillman* from this case, we do not necessarily endorse its holding." (Citation omitted; internal quotation marks omitted.)

Moreover, *Stillman* is inconsistent with our cases holding that, when a property would have economic value even if the zoning regulations were strictly enforced, the fact that a peculiar characteristic of the property would make compliance with the zoning regulations exceptionally difficult if the property were put to a more valuable or desirable use does not constitute either an "exceptional difficulty" or an unusual hardship for purposes of § 8-6 (a). *Krejpcio* v. *Zoning Board of Appeals*, supra, 152 Conn. 662 ("[d]isappointment in the use of property does not constitute exceptional difficulty or unusual hardship"); see also *Rural Water Co.* v. *Zoning Board of Appeals*, supra, 287 Conn. 295 (denial of financial advantage generally does not constitute hardship); *Grillo* v. *Zoning Board of Appeals*, supra, 206 Conn. 370 (regulation preventing land from use for greatest economic potential does not create exceptional financial hardship); *Miclon* v. *Zoning Board of Appeals*, supra, 173 Conn. 423 (no hardship when landowner made no showing that property could

not reasonably be developed for some other use permitted in zone); *Dolan* v. *Zoning Board of Appeals*, supra, 156 Conn. 430–31 (application of zoning regulations not varied merely because they hinder landowners from putting property to more profitable use). We continue to find the reasoning of these cases persuasive. "This court has many times held that the power to grant variances must be exercised sparingly . . . ." *Krejpcio* v. *Zoning Board of Appeals*, supra, 661. If the fact that a peculiar characteristic of a property prevented a landowner from putting the property to a particular use that is allowed in the zoning district justified the granting of a variance in and of itself, even when the property would have economic value if the variance were denied, "the whole fabric of town- and city-wide zoning [would] be worn through in spots and raveled at the edges until its purpose in protecting the property values and securing the orderly development of the community [would be] completely thwarted." (Internal quotation marks omitted.) *Pleasant View Farms Development, Inc.* v. *Zoning Board of Appeals*, 218 Conn. 265, 270–71, 588 A.2d 1372 (1991). Accordingly, we conclude that *Stillman* and its progeny must be overruled. Because *Stillman* provided the sole basis for the trial court's ruling in the present case and denial of the variances will cause no unusual hardship, we conclude that the board improperly granted the applicant's application for variances and the trial court improperly dismissed the plaintiff's appeal.

The judgment is reversed and the case is remanded to the trial court with direction to sustain the plaintiff's appeal and to remand the case to the board with direction to deny the applicant's application for the variances.

In this opinion the other justices concurred.

[1] The Appellate Court granted the plaintiff's petition for certification to appeal from the judgment of the trial court pursuant to General Statutes § 8-8 (o) and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] The trial court referred to the "[c]ommercial [d]esigned [b]usiness [d]istrict." The zoning regulations, however, refer to the zone as the "[c]enter [d]esigned [b]usiness [d]istrict." Fairfield Zoning Regs., § 12.3.

[3] Neither the applicant nor the board has ever disputed that the variances were required because the vertical expansion of the building within the applicable setbacks constituted a prohibited expansion of the nonconforming use under the town's zoning regulations.

[4] The plaintiff also claims that the trial court improperly rejected its claim that the board's decision was illegal and void because the applicant had been represented in the proceedings before the board by an attorney who was an ex officio member of the board. Because we agree with the plaintiff's claim that the board should have rejected the application for variances when the property would have economic value if the variances were denied, we need not address this claim.

[5] General Statutes § 8-6 (a) provides in relevant part: "The zoning board of appeals shall have the following powers and duties . . . (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or

regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. . . .''

[6] The Appellate Court in *Stillman* v. *Zoning Board of Appeals*, supra, 25 Conn. App. 636, relied on this court's decisions in *Whittaker* v. *Zoning Board of Appeals*, 179 Conn. 650, 658, 427 A.2d 1346 (1980), and *Garibaldi* v. *Zoning Board of Appeals*, 163 Conn. 235, 238, 303 A.2d 743 (1972). Neither *Whittaker* nor *Garibaldi*, however, directly addressed the question of whether a peculiar characteristic of a property that makes compliance with zoning regulations difficult is sufficient to justify the granting of a variance when the property would have economic value even if the zoning regulations were strictly enforced.

[7] But see *Vine* v. *Zoning Board of Appeals*, 93 Conn. App. 1, 9 n.14, 887 A.2d 442 (2006), rev'd on other grounds, 281 Conn. 553, 916 A.2d 5 (2007). In *Vine*, the Appellate Court attempted to explain that its decision in *Giarrantano* did not stand for the proposition that a variance is justified whenever strict application of the zoning regulations would deprive the applicant of a use of the property that was allowed in the zoning district. Id. The peculiar characteristics of the property had created a hardship in *Giarrantano*, however, only because the landowner wanted to put the land to a particular use. *Giarrantano* v. *Zoning Board of Appeals*, supra, 60 Conn. App. 448–49. Those characteristics would not have prevented other uses of the property that had economic value. Id. It is clear to us, therefore, that the court in *Giarrantano* concluded that the landowner was entitled to a variance because, otherwise, he would have been deprived of a use of the property that was allowed in the zoning district.

--------------------------------